**Joseph A. SURRISI, Appellant,**

v.

**CONWED CORPORATION, Appellee.**

**No. 74–1527.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 7, 1975.

Decided Feb. 20, 1975.

James T. Hansing, Thiel, Sorenson & Hansing, Minneapolis, Minn., for appellant.

John R. Kenefick, Briggs & Morgan, St. Paul, Minn., for appellee.

Before GIBSON, Chief Judge, and HEANEY and ROSS, Circuit Judges.

HEANEY, Circuit Judge.

Joseph A. Surrisi appeals from a final judgment finding that his discharge from Conwed Corporation was not unlawful under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. The sole issue presented is whether the findings of the District Court are clearly erroneous. We affirm.

Mr. Surrisi was employed by Conwed Corporation (Conwed) for nineteen years, during which time he advanced from the position of salesman to national sales manager of the building products division. Conwed is a Minnesota corporation engaged in the manufacture and sale of products used primarily in the construction industry. In 1970, Conwed reorganized its top management and employed, from outside the corporation, Wilbur J. Berg to head the building products division. Mr. Berg became the appellant's immediate superior. New policies were initiated to increase sales and Mr. Surrisi was charged with their execution. Sales did not improve as expected, however, and Mr. Surrisi was discharged from Conwed's employ on June 30, 1972.[1] He was fifty-two years of age.

The appellant filed suit. His complaint alleged that the discharge from his position of national sales manager of the building products division was discriminatory because of age and unlawful under 29 U.S.C. § 623(a)(1).[2] He sought relief in the form of damages and reinstatement to his prior position. The appellee alleged that the discharge was for good cause and was not based on age. 29 U.S.C. §§ 623(f)(1) and (3).[3] The trial court found that Mr. Surrisi had not carried his burden of proof and ruled for Conwed. It said:

There is no corroboration whatsoever in the record that Surrisi was discharged because of his age. It seems reasonable to find that the portion of Conwed's business or territory which had been assigned to Berg had failed to register the progress anticipated, and this fact led to Berg's dissatisfaction with the alleged failure of Surrisi to perform with success the portion of the duties assigned to him in that regard. * * * [I]t is reasonable to find that Berg concluded that Surrisi had failed to fulfill satisfactorily the business responsibility which had been assigned to him and that a change had to be made if Berg's responsibilities to Conwed's business were to be fulfilled. The evidence indicates that there were many other employees in the Sales Department and other divisions of Conwed's business who were well over fifty years of age. Although Surrisi was an honest, hardworking individual

---

1. Mr. Surrisi continued to receive full salary, to be covered by insurance and to participate in the management bonus program until November 30, 1972.

2. 29 U.S.C. § 623(a)(1) reads in relevant part:
 (a) It shall be unlawful for an employer—
 (1) to discharge any individual * * * because of such individual's age.

3. 29 U.S.C. §§ 623(f)(1) and (3) read in relevant part:
 (f) It shall not be unlawful for an employer * * *
 (1) to take any action otherwise prohibited under subsections (a) * * * of this section * * * where the differentiation is based on reasonable factors other than age;
 * * * * * *
 (3) to discharge or otherwise discipline an individual for good cause.

who did the best that he could, he was not the type in Berg's opinion with the ability to carry out the program he had outlined to increase their business in a certain territory.

 While there is other testimony in the record, principally that of the appellant, indicating that the discharge was motivated by a desire to employ a younger man in Mr. Surrisi's position, we cannot say that the District Court's findings are clearly erroneous. *See* St. Louis Typographical Union No. 8 v. Herald Company, 402 F.2d 553, 557 (8th Cir. 1968); Federal Rule of Civil Procedure 52(a).

 We note that the Age Discrimination in Employment Act of 1967 is remedial in nature. *See* 29 U.S.C. § 621; 1967 U.S.Code Cong. & Admin.News p. 2214. It prohibits a particularly subtle form of discrimination, and the courts must be receptive to its purposes and accord it the intended scope. *See* 29 U.S.C. § 626(c). Whenever an employment practice is challenged, the inquiry should focus broadly and should not be limited to a particular department or branch of the employer. *See* Hodgson v. First Fed. Sav. & L. Ass'n of Broward Co., Fla., 455 F.2d 818, 826 (5th Cir. 1972); Brennan v. Ace Hardware Corporation, 362 F.Supp. 1156, 1158 (D.Neb. 1973), aff'd, 495 F.2d 368 (8th Cir. 1974). Such a broadly based inquiry was not made here: neither the appellant's complaint nor the testimony at trial challenged Conwed's failure to employ Mr. Surrisi in another capacity.[4] This case does not, then, present the issue whether Conwed had an obligation to offer the appellant continued employment in another available position commensurate with his ability, and we express no opinion thereon.

Affirmed.

4. The trial court said:

> The Court must find, on this record, that plaintiff has not sustained the burden of proof that he was discharged because of age. On the other hand, there does seem to be an element of unfairness in discharging a man fifty-two years old who had ren-

dered faithful and, on this record, competent business services for some nineteen years without Conwed's providing some department in the business in which Surrisi could continue to render competent and faithful service. But, of course, that is not the question before the Court.