James R. HALL, Plaintiff,

v.

The UNITED STATES, Herman D. Staiman, Commissioner, U. S. Civil Service Commission, and Richard L. Roudebush, Administrator, United States Veterans Administration, Defendants.

No. 4–76–Civ. 92.

United States District Court,
D. Minnesota,
Fourth Division.

April 13, 1977.

James R. Hall, pro se.

Donald F. Paar, Asst. U. S. Atty., Minneapolis, Minn., for defendant.

MEMORANDUM AND ORDER

LARSON, District Judge.

The Age Discrimination in Employment Act of 1967 ("ADEA" or "Act") covered only private-sector and State government employees. P.L. 90–202, 81 Stat. 602, 29 U.S.C. § 630(b). In 1974 Congress amended the Act to extend protection to Federal employees. P.L. 93–259, § 28(b)(2), adding 29 U.S.C. § 633a. By this amendment Congress authorized aggrieved Federal employees to bring a civil suit in Federal district court. A prospective plaintiff has the option of either proceeding directly to Federal court after giving the Civil Service Commission ("CSC" or "Commission") appropriate notice of intent to sue, or of filing a complaint initially with the Commission and commencing suit only after disposition of the complaint. 29 U.S.C. § 633a(c), (d). In this case the plaintiff chose the latter course. The question presented is whether the Court is to conduct a trial *de novo* or simply review the administrative record on a "substantial evidence" basis. The question is one of first impression.

Plaintiff James R. Hall, proceeding *pro se*, is employed by the Veterans Administration ("VA") at Fort Snelling, St. Paul, Minnesota, as a General Attorney at GS–12, Step 6. He complains that he has been a victim of age discrimination in that younger attorneys have been promoted over him. Plaintiff was 42 years old when the most recent act of alleged discrimination took place in February 1975. He filed an administrative complaint with the Veterans Administration shortly thereafter. After exhausting his remedies within that agency,

he appealed to the Civil Service Commission. On January 29, 1976, the Commission affirmed the decision of the VA rejecting plaintiff's complaint. Plaintiff then filed this action on February 27, 1976, requesting back pay, a promotion to GS–14, and an injunction against further age discrimination against him.

Defendants move for dismissal on two grounds or in the alternative for summary judgment.[1] The first branch of the motion to dismiss attacks subject matter jurisdiction. Plaintiff originally sought to invoke jurisdiction under 28 U.S.C. § 1346 but has now moved to amend his complaint to allege jurisdiction under 29 U.S.C. § 633a. The motion to amend will be granted and the Court concludes that subject matter jurisdiction exists.[2]

Defendants also move to dismiss for failure to state a claim upon which relief can be granted, contending that plaintiff has not alleged that he is within the 40–65 age bracket protected by the ADEA. *See* 29 U.S.C. § 631. Paragraph IV of the complaint, however, alleges just that. Thus neither branch of the motion to dismiss is sufficient.

Defendants assert that their alternative motion for summary judgment presents a two-part question. First, is it the function of the Court to conduct a plenary trial *de novo* or a review of the administrative record? If the latter, the second question is whether defendants are entitled to summary judgment on the basis of the administrative record. The Court accepts this formulation of the issues and will proceed to

1. Herman D. Staiman also moves for dismissal as a party defendant on the ground that he is not a Commissioner of the United States Civil Service Commission and therefore not properly joined as a party to this lawsuit. Since plaintiff does not oppose the motion, it will be granted.

2. Defendant does not oppose that part of the proposed amendment alleging jurisdiction under § 633a but does object to the rest of the amendment. Since jurisdiction under § 633a is sufficient, the Court need not concern itself with the rest of the proposed amendment. It

may well be surplusage, in which event there is no harm. By allowing the entire amendment, the Court is not sustaining any other purported basis of jurisdiction.

Plaintiff also moves for summary judgment on the ground that defendants conceded the validity of his claim in their answer. This motion has no merit and will be denied. Finally, plaintiff moves for a remand to the Civil Service Commission. In light of the Court's ruling on defendants' motion for summary judgment, a remand is inappropriate and the motion must be denied.

determine the nature of the judicial hearing to which plaintiff is entitled.[3]

Jurisdiction in ADEA suits by Federal employees is conferred by 29 U.S.C. § 633a(c):

"Any person aggrieved may bring a civil action in any Federal district court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter."

The Civil Service Commission is also authorized to enforce the Act

". . . through appropriate remedies, including reinstatement or hiring of employees with or without backpay, as will effectuate the policies of this section. . . ." 29 U.S.C. § 633a(b).

Congress specifically instructed the CSC to "provide for the acceptance and processing of complaints of discrimination in Federal employment on account of age." *Id.*

█ But Congress evidently did not intend that as a prerequisite to filing suit a prospective plaintiff must pursue an administrative action with the CSC. This intent is reflected in the subsection qualifying the right to sue:

"*When the individual has not filed a complaint concerning age discrimination with the Commission,* no civil action may be commenced by any individual under this section until the individual has given the Commission not less than thirty days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred. Upon receiving a notice of intent to sue, the Commission shall promptly notify all persons named

therein as prospective defendants in the action and take any appropriate action to assure the elimination of any unlawful practice." (Emphasis added.) 29 U.S.C. § 633a(d).

█ The Court concludes that an aggrieved Federal employee has a choice of either proceeding directly into court after timely notice of intent to sue, or delaying suit pending CSC disposition of an administrative complaint.[4] A plaintiff who has proceeded directly into court is undoubtedly entitled to a trial *de novo* if only because there exists no administrative record to review. In the instant case, however, plaintiff initially pursued the administrative avenues of relief. Hence an administrative record is available for review if such is deemed the appropriate procedure.

The Court has found little to assist it in its determination of the nature of the proceedings in this case. A search of the reported decisions compels the conclusion that the issue is one of first impression.[5] The legislative history is similarly unhelpful.[6] The Court believes that the inquiry must begin with an examination of *Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976). That case involved virtually the identical issue under Title VII of the Civil Rights Act. As with the ADEA, Congress had originally excluded Federal employees from the scope of Title VII but changed its mind in 1972 to extend them coverage. Unlike the amendment to the ADEA, however, the legislation amending Title VII allowed suit to be filed only after exhaustion of administrative remedies in the CSC. 42 U.S.C. § 2000e–16(c). The

3. Plaintiff agrees with defendants that the scope of review may be confined to the administrative record. Nevertheless, the Court is duty bound to make an independent decision on this important issue and will not accept plaintiff's agreement as a waiver of any kind.

4. This choice is not available to private sector employees under the ADEA, see 29 U.S.C. § 626, or to any employees under Title VII, see 42 U.S.C. §§ 2000e–5, 2000e–16. Neither the Department of Labor under the ADEA or the Equal Employment Opportunity Commission under Title VII (both of which process discrimination claims of nonfederal employees) has

been delegated the remedial powers possessed by the Civil Service Commission under both statutes.

5. The issue was raised in *Trammell v. Callaway,* 415 F.Supp. 212 (N.D.Miss.1976), but not decided.

6. The amendment extending the ADEA to Federal employees was part of the Fair Labor Standards Amendment of 1974 and received comparatively little attention. *See* 1974 U.S. Code Cong. & Admin.News, p. 2811.

issue in *Chandler* was whether the plaintiff Federal employee was entitled to a trial *de novo* once in court. Resolving a split among the Circuits, the Supreme Court concluded that Congress intended to extend the same rights accorded private sector employees under Title VII to Federal employees. Since it was clear that nonfederal employees were entitled to a trial *de novo* under Title VII, Federal employees were to have the same right.

■ Unfortunately, application of the same reasoning to the ADEA, while helpful, does not resolve the question in this case.[7] Private sector employees concededly are entitled to a trial *de novo* after the requisite notice of intent to sue. And so are Federal employees who choose to bypass the administrative route. But do Federal employees lose or waive their right to a trial *de novo* by availing themselves of administrative remedies? This Court thinks not.

■ The ADEA is a remedial statute which "prohibits a particularly subtle form of discrimination, and the courts must be receptive to its purposes and accord it the intended scope." *Surrisi v. Conwed Corporation*, 510 F.2d 1088, 1090 (8th Cir. 1975). Its remedial purposes are furthered by according every ADEA plaintiff a trial *de novo*. The fact that the employee may already have had an administrative hearing is not sufficient reason to deny a new hearing in court, *see Chandler v. Roudebush, supra*, particularly when the standard of proof and procedural rights may be different. *See Ellis v. Naval Air Rework Facility*, 404 F.Supp. 377, 383–84 (N.D.Cal. 1975).

■ Today's holding will not weaken the administrative process. Federal employees may now avail themselves of their administrative avenues of relief secure in the knowledge that they are not foregoing an opportunity for a plenary judicial hearing in the event the administrative route proves unsuccessful. By encouraging resort to the speedier and more informal administrative process, the intent of Congress to promote voluntary and informal resolution of age discrimination complaints is furthered.[8] *See Brennan v. Ace Hardware Corporation*, 495 F.2d 368, 374–75 (8th Cir. 1974).

■ It follows from the foregoing that defendants cannot have summary judgment on the ground that the administrative decision was neither arbitrary nor capricious.[9] Plaintiff may wish to amend further his complaint in light of this ruling and leave will be granted.

## ORDER

1. Plaintiff's motion for summary judgment is denied.

2. Plaintiff's motion to amend the complaint is granted.

3. Plaintiff's motion for a remand is denied.

4. Defendants' motion to dismiss is denied.

5. Defendants' motion for summary judgment is denied without prejudice to renewal.

7. In *Bradley v. Kissinger*, 418 F.Supp. 64, 69 (D.D.C.1976), Judge Gesell concluded that Congress intended to extend to Federal employees the same protections that private employees had received under the 1967 Act. But this is not determinative given the choice of routes to court available to Federal employees but not to private employees.

8. The Court recognizes that the particular circumstances of this case do not support the incentive argument. Nonetheless, the Court expects that many employees will choose the administrative route knowing that they will have a "second bite at the apple" in court. Some claims of age discrimination will be resolved by the Civil Service Commission. For those that are not, a subsequent action in court will not involve a total duplication of effort since the administrative findings are admissible in evidence. *See* Fed.Rule Evid. 803(8)(C); *Chandler v. Roudebush*, 425 U.S. at 840, n. 39, 96 S.Ct. 1949. As the Supreme Court pointed out, the prior administrative proceedings may narrow the issues for trial. *Chandler, supra.*

9. The defendants' motion for summary judgment will be denied without prejudice to renewal. In connection with the issue of retroactivity, *see Bunch v. United States*, 548 F.2d 336 (9th Cir. 1977).

6. The motion of Herman D. Staiman to be dismissed as a party defendant is granted.

7. Plaintiff is granted leave to further amend his complaint.