Ervin W. WILKINS, Plaintiff,

v.

Harry N. WALTERS, Administrator of Veterans Affairs, Defendant.

Civ. A. No. C 83–738.

United States District Court,
N.D. Ohio, E.D.

Sept. 26, 1983.

Eliot J. Katz, Cleveland, Ohio, for plaintiff.

Carolyn W. Allen, Cleveland, Ohio, for defendant.

---

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Ervin Wilkins, a black lawyer, was hired by the Cleveland regional office of the Veterans Administration ("VA") as a General Attorney in January of 1972. He was 52 years old at the time. When the office was reorganized the following July, he was assigned to the field examining unit of the Veterans Service Division. During the following decade, until his retirement in April of 1982, Wilkins unsuccessfully sought a lateral transfer to the Office of the District Council ("ODC"). Eleven appointments were made to that office during that time.

Wilkins alleges that he was denied the transfer because of his race and age. He seeks monetary and injunctive relief under the provisions of Title VII of the Civil Rights Act of 1964, as amended in 1972, 42 U.S.C. § 2000e, *et seq.;* the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended in 1974, 29 U.S.C. § 621 *et seq.;* the Civil Rights Act of 1870, 42 U.S.C. § 1981; and the Fifth Amendment to the Constitution.

Pending before this Court is defendant's Motion to Dismiss all the allegations of race discrimination occurring prior to November 29, 1981; all causes of action based on 42 U.S.C. § 1981 or the Fifth Amendment; the request for compensatory damages for insult and injury under Title VII; and in its entirety, the allegation of age discrimination.

Jurisdiction is based on the jurisdictional provisions of Title VII and the ADEA and 28 U.S.C. §§ 1331, 1343.

## I. TITLE VII

The VA alleges that Wilkins failed to exhaust his administrative remedies with respect to all allegations of race discrimination except the November 29, 1981 decision not to transfer Wilkins to the Office of the District Council.

Under § 717 of Title VII, 42 U.S.C. § 2000e–16, federal employees may file civil actions:

... (c) Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit ... or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Equal Employment Opportunity Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the disposition of his complaint, or by failure to take final action on his complaint, may file a civil action as provided in section 2000e–5 of this title ....

Wilkins' right to proceed in Court is thus limited to the following situations:

476

(1) Within 30 calendar days of his receipt of notice of final action taken by the VA on a complaint or claim;

(2) After 180 calendar days from the date he filed a complaint or claim with the VA if there has been no decision on the complaint or claim;

(3) Within 30 calendar days of his receipt of the decision of the EEOC of his appeal, or;

(4) After 180 calendar days from the date he filed an appeal with the EEOC, if there has been no decision.

The VA divides appointments to the Office of the District Council made during Wilkins' years at the agency into three groups: (1) seven prior to April 22, 1979; (2) three between July 9, 1979 and April 27, 1981; and (3) one on November 29, 1981. The VA suggests that Wilkins cannot bring suit with respect to actions that occurred in the first period because he failed to appeal a final administrative decision reached on September 24, 1980. The agency would also bar a suit over events in the second period because Wilkins was informed of his non-selection on May 28, 1981 but did not complain to his Equal Employment Opportunity Counsellor until August 24, 1981, beyond the 30 days permitted by 29 C.F.R. § 1613.-214(a). The agency concedes that the Court may hear claims concerning the non-selection of November 29, 1981, since a timely complaint was filed.

■ Wilkins, however, portrays the non-selections as a continuous pattern of like events. In the administrative complaint filed with the director of the VA regional office, and in the complaint filed here, Wilkins terms the November 29, 1981 non-selection merely the latest manifestation of a discriminatory policy.

Under the "continuing violations" doctrine, where the last act alleged to be part of an ongoing pattern of discrimination occurs within the filing period, allegations concerning earlier acts are not time-barred. *Roberts v. North American Rockwell Corp.,* 650 F.2d 823, 828 (6th Cir.1981); *see* 2 Larson & Larson, *Employment Discrimination* 9A § 48.54 (1983). The court in *Shehadeh v. Chesapeake & Potomac Telephone Co.,* 595 F.2d 711, 724 (D.C.Cir.1978) stated:

... As Congress itself has said, for those "violations [that] are continuing in nature" it is appropriate to "measur[e] the running of the required time period from the last occurrence of the discrimination and not the first occurrence."

■ The VA concedes that the complaint regarding the last violation—the November 29, 1981 appointment—was properly filed. Allowing Wilkins to proceed with his claim of continuing discriminatory conduct comports with the remedial thrust of Title VII.

■ As a matter of law, however, Wilkins clearly cannot recover punitive, compensatory, nor exemplary damages under Title VII. *Richerson v. Jones,* 551 F.2d 918 (3rd Cir.1977); *Pearson v. Western Electric Co.,* 542 F.2d 1150 (10th Cir.1976); *Whitney v. Greater N.Y. Corp. of Seventh Day Adventists,* 401 F.Supp. 1363 (S.D.N.Y.1975).

■ Nor does Wilkins have a cause of action for race discrimination under 42 U.S.C. § 1981 or the Fifth Amendment. In enacting the 1972 amendments to Title VII, Congress intended § 717 to provide the "exclusive" and "preemptive" judicial remedy for claims of discrimination in federal employment. *Brown v. General Services Administration,* 425 U.S. 820, 829, 96 S.Ct. 1961, 1966, 48 L.Ed.2d 402 (1976).

## II. AGE DISCRIMINATION

■ In 1974, Congress extended ADEA to federal workers. An employee may file an administrative complaint with his agency and may appeal adverse decisions to the EEOC for administrative review. 29 U.S.C. § 633a(b); 29 C.F.R. §§ 1613.501 *et seq.* (1980). After filing a complaint with the EEOC, an employee may institute a civil action. 29 U.S.C. §§ 633a(c), (d). Alternatively, an employee can bypass the administrative process by giving his notice of intent to sue to the EEOC within one hundred and eighty days after the alleged unlawful practice occurred. 29 U.S.C. § 633a(d). These requirements are jurisdictional. *Bunch v.*

*United States,* 548 F.2d 336, 340 (9th Cir. 1977); *Hinton v. Solomon,* 475 F.Supp. 105, 108 (D.D.C.1979).

■ Wilkins filed an administrative complaint with the director of the VA regional office, which was accepted for investigation by the Discrimination Complaints Division, pursuant to 19 C.F.R. § 1613.216. The VA contends that he may not bring an ADEA claim in district court until after a final agency decision.

29 U.S.C. § 633a(c) contains no express requirement that a party filing a complaint with the EEOC wait for a final decision of the Appeals Review Board. The section merely states:

> Any person aggrieved may bring a civil action in any Federal district court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this Act.

The Sixth Circuit has not yet had to rule on whether a final agency decision is a prerequisite for bringing suit in district court. In *Purtill v. Harris,* 658 F.2d 134 (3d Cir.1981), the Third Circuit did impose such an exhaustion requirement. It held that under the ADEA, unlike Title VII, a federal employee may not file suit until he has pursued his administrative remedies to their conclusion, a final decision by the EEOC. The court explained its reasons as follows:

> ... in addition to evident congressional intent, we note pragmatic, prudential reasons for such a requirement. Allowing a plaintiff to abandon the administrative remedies he has initiated would tend to frustrate the ability of the agency to deal with complaints.

*Id.* at 138.

This approach guarantees that individuals who initiate administrative proceedings rather than seeking immediate access to the judicial system will not be penalized. Wilkins, who chose to bring his complaint at the administrative level, now seeks to air his case simultaneously before this Court. We decline to permit him to do so.

■ We also adopt the *Purtill* court's conclusion that the ADEA is the exclusive remedy for age discrimination claims by federal employees. Age discrimination claims under § 1981 and the Fifth Amendment are precluded. *Id.* at 137.

### CONCLUSION

For the above stated reasons, the Partial Motion to Dismiss is granted with respect to the ADEA, § 1981, and constitutional claims, and denied with respect to the Title VII claims. The demand for compensatory damages under Title VII is stricken.

IT IS SO ORDERED.