**John J. D'ANGELO**

v.

**DEPARTMENT OF THE NAVY.**

**Misc. No. 84–0302.**

United States District Court,
E.D. Pennsylvania.

Sept. 27, 1984.

John J. D'Angelo, Philadelphia, Pa., pro se.

Susan Dein Bricklin, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

On October 12, 1976, John Duda, an electrical engineer at the Northern Division, Naval Facilities Engineering Command, filed a complaint with the Department of the Navy alleging that he had been denied a promotion because of his age. The complaint was filed under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a. The Department of the Navy investigated the charges and on March 16, 1977, issued a finding that no discrimination had occurred.

Mr. Duda and his attorney, John J. D'Angelo, Esq., then requested consideration of the matter by the Secretary of the Navy. On March 23, 1978, a complaint examiner, following a hearing, recommended a finding of no discrimination. On June 1, 1978, the Secretary of the Navy approved the complaint examiner's recommendation.

Mr. Duda's counsel appealed the decision of the Secretary whereupon the matter was transferred to the Equal Employment Opportunity Commission (EEOC). On February 23, 1981, the EEOC reversed the Secretary's decision and remanded the matter to the Department of the Navy. On March 26, 1981, the Department of the Navy requested reconsideration of the EEOC's decision. This request was rejected by the EEOC on May 4, 1981 and the Department of the Navy was directed to implement the original EEOC decision. No further proceedings have taken place regarding Mr. Duda's substantive claim.

Mr. D'Angelo has now filed an action in this court seeking attorney's fees for his representation of Mr. Duda through the administrative process. The petition seeks fees under either the ADEA or the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504.

The government filed a motion to dismiss this petition or, in the alternative, for summary judgment with regard to petitioner's fee request. Mr. D'Angelo has responded to that motion.

A. *Age Discrimination in Employment Act*

The motion to dismiss argues that the ADEA does not authorize a fee award for efforts of counsel at the administrative level. Petitioner contests this reading of the statute and argues that an award of attorney's fees in this situation would vindicate the strong federal policy favoring nonjudicial resolution of such employment disputes.

A number of courts have addressed the issue of the availability of attorney's fees for administrative proceedings under the ADEA and have reached different conclusions. *E.g., Kennedy v. Whitehurst,* 690 F.2d 951 (D.C.Cir.1982) (fees denied); *Koyen v. Consolidated Edison Company of New York, Inc.,* 560 F.Supp. 1161 (S.D.N.Y. 1983) (fees denied); *Bleakley v. Jekyll Island—State Park Authority,* 536 F.Supp. 236 (S.D.Ga.1982) (fees granted); *Swain v. Secretary of the Navy,* 27 F.E.P. 1434 (D.D.C.1982), *aff'd* 701 F.2d 222, *cert. denied,* —— U.S. ——, 104 S.Ct. 68, 78 L.Ed.2d 83 (1983) (fees denied). However, the courts which have addressed the narrower issue of whether a federal employee may recover fees for administrative efforts by counsel have uniformly held that such an award is not statutorily authorized. *E.g., Kennedy v. Whitehurst,* 690 F.2d 951 (D.C.Cir.1982); *Swain v. Secretary of the Navy,* 27 F.E.P. 1434 (D.D.C.1982), *aff'd* 701 F.2d 222, *cert. denied,* —— U.S. ——, 104 S.Ct. 68, 78 L.Ed.2d 83 (1983). Judge

Tamm's detailed analysis of the unique statutory scheme for federal employee claims under the ADEA thoroughly canvasses the reasons which support this conclusion. *Kennedy v. Whitehurst,* 690 F.2d 951 (D.C.Cir.1982).

Judge Tamm determined in *Kennedy* that the language of the ADEA which specifically authorizes a court to award attorney's fees and costs to a "plaintiff" in an "action" before it "in addition to any judgment awarded," 29 U.S.C. § 216 and 29 U.S.C. § 626(b), was not incorporated in the portions of the ADEA which govern federal employee claims. 29 U.S.C. § 633a. *See Lehman v. Nakshian,* 453 U.S. 156, 163–64, 101 S.Ct. 2698, 2703–04, 69 L.Ed.2d 548 (1981). Therefore, it was necessary to determine whether the more general language of § 633a(c) authorized the requested fee award. That provision states:

> [a]ny person aggrieved may bring a civil action in any Federal district court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter.

29 U.S.C. § 633a(c). The lack of specific language in this section authorizing fee awards, the nonmandatory nature of the administrative process for federal employees, and the fact that the portion of the ADEA which directly authorizes fee

awards for private claimants does not appear to allow fee awards for relief obtained outside of court all led Judge Tamm to the conclusion that attorney's fees could not be awarded to a federal employee who prevailed at the administrative level.

 I conclude that both the reasoning and the result of *Kennedy* are correct and should apply to the present fee petition.[1] The language, structure and legislative history of the ADEA do not allow for attorney's fee awards under the facts of the present case. Although petitioner's argument that a fee award for successful administrative efforts will encourage use of administrative channels by ADEA claimants and reduce the burden on the courts may have merit as a matter of public policy, that argument is more properly addressed to Congress than the courts. Accordingly, I will grant defendant's motion to dismiss with regard to petitioner's ADEA claim.

### B. *Equal Access to Justice Act*

The government also argues that petitioner's claim to fees under EAJA is untenable as a matter of law. EAJA provides for an award of attorney's fees for certain administrative proceedings. 5 U.S.C. § 504(a)(1).[2] However, fees can only be

---

**1.** An important ingredient in Judge Tamm's *Kennedy* analysis was the fact that the ADEA does not require federal employees to exhaust their administrative remedies before filing a federal court action. 690 F.2d at 963–64. The ADEA provides two routes by which a federal employee may pursue his discrimination claim. Such a claimant may "forego administrative action and file suit in federal district court after giving the EEOC thirty days' notice of intent to sue. 29 U.S.C. 633a(d). Alternatively, he may file a complaint with the EEOC and commence suit following its disposition. 29 U.S.C. 633a(c)." *Purtill v. Harris,* 658 F.2d 134, 138 (3d Cir.1981). Although the issue is not discussed in *Kennedy,* some courts have concluded that, once a federal employee elects the administrative route, he must exhaust his administrative remedies before he may proceed to court. *E.g., Purtill v. Harris,* 658 F.2d 134 (3d Cir.1981); *Wilkins v. Walters,* 571 F.Supp. 474 (N.D.Ohio 1983). However, the fact that an ADEA claimant is required to follow the administrative process to completion once he has set that process in motion does not undercut Judge Tamm's

analysis. In making recourse to the EEOC optional Congress made clear that the administrative process is not intended to play the central role in ADEA enforcement that it plays in enforcement of Title VII. *See generally New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980) (attorney's fees available for Title VII claimant who prevailed at the mandatory administrative level). *Cf. Latino Project, Inc. v. City of Camden,* 701 F.2d 262 (3d Cir.1983) (fees not available under 42 U.S.C. 1988 for administrative proceedings due to the lack of an exhaustion requirement).

**2.** The petition for fees identifies 28 U.S.C. § 2412(d)(1)(A) as the statutory basis for the fee request. That portion of EAJA also allows for fee awards in certain circumstances but it provides for fee awards for costs incurred in a "civil action" and not for administrative proceeding expenses. In the present motion, both petitioner and the government have characterized petitioner's EAJA request as a claim under § 504.

awarded under that provision if the party seeking fees prevailed in an "adversary adjudication."

Subsection (b)(1)(C) of that statute defines the term "adversary adjudication" as follows:

> an adjudication under section 554 of this title in which the position of the United States is represented by counsel or otherwise, but excludes an adjudication for the purpose of establishing or fixing a rate or for the purpose of granting or renewing a license.

Section 554(a) defines such an adjudication as:

> an adjudication required by statute to be determined on the record after opportunity for an agency hearing, except to the extent that there is involved—
>
> (1) a matter subject to a subsequent trial of the law and the facts de novo in a court;
>
> (2) the selection or tenure of an employee, except a [*sic*] administrative law judge appointed under section 3105 of this title;

■ The motion to dismiss argues that petitioner cannot claim fees under EAJA as a matter of law because the ADEA proceedings in question are subject to trial de novo in a federal district court. The courts which have faced the issue agree that the ADEA provides federal employees with a right to a trial de novo in federal court should they be unsuccessful in the administrative process. *E.g., Nabors v. United States*, 568 F.2d 657 (9th Cir.1978); *Hall v. United States*, 436 F.Supp. 505 D.Minn. 1977). This conclusion is appropriate in light of the parallels between the systems established in the ADEA and Title VII under which the right to trial de novo is well established. *Chandler v. Roudebush*, 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976). But petitioner argues that Mr. Duda's success at the administrative level made any request for trial de novo pointless, with the result that Mr. Duda did not

have "an agency hearing" which led to "a subsequent trial ... de novo," as contemplated by the statutory exception. This argument is ingenious but unpersuasive. The definition embodied in § 554(a) does not turn on whether there was in fact a subsequent trial de novo but on whether the administrative proceeding was of a sort which was "subject to" subsequent de novo judicial inquiry. That is to say, the statutory definition operates *ex ante*, not *ex post*.

■ Furthermore, no fee award can be made under § 504 if the adjudication in question "involved ... the selection or tenure of an employee." § 554(a)(2). The underlying claim in this case was that Mr. Duda had not been promoted due to age discrimination. Such promotion decisions are matters excluded from § 554 under subsection (a)(2). *See Gnotta v. United States*, 415 F.2d 1271 (8th Cir.1969), *cert. denied*, 397 U.S. 934, 90 S.Ct. 941, 25 L.Ed.2d 115 (1970). Thus, the proceeding for which petitioner now seeks to recover fees "involved ... the selection or tenure of an employee" and cannot be the basis for a fee award under § 504.

Accordingly, I will grant defendant's motion to dismiss.[3] An order reflecting this conclusion accompanies this Memorandum.

### ORDER

For the reasons stated in the accompanying Memorandum, it is hereby ORDERED that defendant's motion to dismiss is GRANTED. This action is DISMISSED with prejudice.

---

**3.** Because I have concluded that the adjudication in question does not fall within the range of those proceedings for which fees are available under § 504, I need not address the government's argument that the fee petition in the present case should be denied as untimely.