Arthur J. ZEIZEL, Appellant,

v.

Samuel R. PIERCE, Secretary, Department of Housing & Urban Development, et al.

No. 84–5861.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 14, 1985.

Decided Feb. 28, 1986.

Appeal from the United States District Court for the District of Columbia; (D.D.C. Civil Action No. 83–1840).

Arthur J. Zeizel, pro se.

Rebecca L. Ross, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and Royce C. Lamberth and R. Craig Lawrence, Asst. U.S. Attys., were on brief, for appellees.

Before WRIGHT and EDWARDS, Circuit Judges, and DAVIS *, Circuit Judge, United States Court of Appeals for the Federal Circuit.

Opinion for the Court filed by Circuit Judge DAVIS.

DAVIS, Circuit Judge:

The District Court for the District of Columbia denied appellant Zeizel's application, under both the Back Pay Act [1] and the Equal Access to Justice Act (EAJA) [2], for attorney fees incurred in his successful challenge of a 1974 denial of a within-grade pay increase. We affirm the district court because neither the Back Pay Act as it existed before the effective date of the Civil Service Reform Act (CSRA) nor the EAJA permit the award of attorney fees in this instance.

I.

Arthur J. Zeizel, an Environmental Scientist, GS–15, with the Technology and Environmental Research Division of the Department of Housing and Urban Development (HUD), in Washington, D.C., was denied by his agency a within-grade pay increase on August 15, 1974. This denial came about because the agency determined that he was not performing at an acceptable level of competence. Appellant requested the agency to reconsider its competency determination since he was not given 60 days advance notice of inadequate performance. On October 11, 1974 the agency again stated that his performance was not acceptable and, after a personal presentation by appellant to the reconsideration official, affirmed the denial of the within-grade pay increase.

Zeizel unsuccessfully moved for reconsideration of the decision and thereafter appealed to the then Federal Employees Appeal Authority (FEAA).[3] On June 25, 1975 the FEAA determined that the denial of the within-grade pay increase was not in compliance with 5 C.F.R. § 531.407 and remanded the case to the agency so that there could be compliance with procedural requirements.[4]

On September 28, 1976 the agency issued another reconsideration decision upholding appellant's supervisor's prior determinations. Appellant again appealed this decision to the FEAA. The FEAA remanded the action to the agency, finding procedural errors in the processing of the action. On appeal, however, the MSPB (which had succeeded the Civil Service Commission) determined that the remand to the agency was improper and instead remanded the case to the MSPB's Office of Appeals for a decision on the merits. On June 7, 1982 the Board's presiding official reversed the agency's decision, finding that HUD had arbitrarily denied the within-grade pay increase.

On September 7, 1982 appellant filed a motion for attorney fees under both the Back Pay Act and the EAJA. The MSPB denied his request, finding that the CSRA was not applicable because appellant's administrative claims were pending on the effective date of that statute. The MSPB held therefore that it would apply the Back Pay Act as it existed prior to its amendment by the CSRA, and at that time the former Act did not authorize an award of attorney fees. The Board also held that attorney fees were not available under the EAJA. The Board reasoned that the agency and appellate administrative proceedings involved "the selection or tenure of an employee," an exception to the EAJA created by 5 U.S.C. § 554, and therefore were not the type of adjudication covered by the EAJA.

---

* Sitting by designation pursuant to 28 U.S.C. § 291(a).

1. 5 U.S.C. § 5596 (1982).

2. 5 U.S.C. § 504(a)(1) (1982).

3. FEAA was a predecessor of the Merit Systems Protection Board (MSPB or Board).

4. On October 7, 1975 appellant requested the United States Civil Service Commission's Appeals Review Board to review the FEAA's decision. This request was denied.

Zeizel then filed this *pro se* suit in the district court seeking fees, again, under both the Back Pay Act and the EAJA.[5] The district court granted the Government's motion to dismiss. The court held that appellant's suit for attorney fees was subject to the Savings Clause of the CSRA and therefore applied the Back Pay Act as it existed prior to the effective date of the CSRA to the detriment of appellant. Addressing appellant's claim for fees under the EAJA, the court noted that the EAJA only allows for fees for parties who prevail in an adversary adjudication as defined by 5 U.S.C. § 554. The court pointed out that section 554 excludes from coverage adjudications involving "the selection or tenure of an employee" and concluded that the MSPB—the administrative agency now charged with interpreting this part of the statute—had reasonably interpreted the phrase "selection or tenure" to include a denial of a within-grade pay increase. The court therefore denied appellant's request for fees under the EAJA. This appeal followed.

## II.

Appellant argues first that he is entitled to an award of attorney fees under the Back Pay Act, 5 U.S.C. § 5596(b)(1) (1982).[6] This provision was amended in 1978 by the CSRA to permit an award of reasonable attorney fees. (*See* 5 U.S.C. § 5596(b)(1)(A)(ii), *supra.*) Before 1978, prevailing parties were not entitled to fees.

The 1978 amendments to the Back Pay Act are subject to a Savings Clause which declares in pertinent part:

(b) No provision of this Act shall affect any administrative proceedings pending at the time such provision takes effect. Orders shall be issued in such proceedings and appeals shall be taken therefrom as if this Act had not been enacted.

5 U.S.C. § 1101 note (1982). The effect of this clause is to limit certain employee's rights under the Back Pay Act to those rights that existed prior to 1978; thus, recovery of attorney fees in suits pending administratively prior to the passage of the CSRA is precluded. As this court explained in *Crowley v. Shultz*, 704 F.2d 1269, 1275 (D.C.Cir.1983):

Since this suit was instituted before the Reform Act was passed, the Savings Clause of that Act requires that the Back Pay Act be applied as it would have been prior to the Reform Act. The unamended Back Pay Act makes no provision for attorneys' fees. Accordingly, the orders ... granting attorneys' fees are reversed, and the order ... denying certain parts of the fee application is affirmed on the grounds that no fees should have been awarded.

Appellant's claim for fees is similarly barred because his claim was pending administratively at the time of the 1978 amendments to the Back Pay Act.[7]

## III.

Zeizel also claims that he is entitled to an award of attorney fees under the

---

5. There has been no challenge to the jurisdiction of the district court (rather than some other court) to entertain this suit.

6. 5 U.S.C. § 5596(b)(1) provides:

An employee of an agency who, on the basis of a timely appeal or an administrative determination (including a decision relating to an unfair labor practice or a grievance) is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee—

(A) is entitled on correction of the personnel action, to receive for the period for which the personnel action was in effect—
....
(ii) reasonable attorney fees related to the personnel action which, with respect to any decision relating to an unfair labor practice or a grievance processed under a procedure negotiated in accordance with chapter 71 of this title, shall be awarded in accordance with standards established under section 7701(g) of this title....

7. Appellant received notice of the denial of the within-grade pay increase in August 1974 and sought reconsideration and review continuously thereafter.

Equal Access to Justice Act. Section 504(a)(1) of title 5 says that "[a]n agency that conducts an adversary adjudication shall award, to a prevailing party ... fees and other expenses incurred by that party in connection with that proceeding." An adversarial adjudication for purposes of section 504 is "an adjudication under section 554 of this title in which the position of the United States is represented by counsel or otherwise." 5 U.S.C. § 504(b)(1)(C). Section 554(a)(2) then provides that disputes involving "the selection or tenure of an employee," other than an administrative law judge, are not to be considered adjudications for purposes of section 554.

In this case, appellant's claim for fees is barred by section 554(a)(2), *supra*—the provision excepting matters involving the selection or tenure of employees. *Accord, D'Angelo v. Department of the Navy*, 593 F.Supp. 1307, 1310 (E.D.Pa.1984).[8] This court has already held that this exception applies to at least some federal personnel matters. *Hoska v. United States Department of the Army*, 694 F.2d 270, 273 (D.C. Cir.1982) (a case involving dismissal). It would be strange for Congress to have forbidden attorney fees for a successful effort to prevent dismissal or removal but not for the lesser matter of a successful overturn of the denial of a within-grade increase. There is nothing revealing or helpful in the legislative history of the EAJA or of the current version of the Administrative Procedure Act. But the current exception for "the selection or tenure of an employee" follows closely upon the comparable exception in the original 1946 Administrative Procedure Act, and that legislative history indicates that the exclusion encompassed "the selection and control of public personnel" which were traditionally regarded as discretionary functions covered by other legislation. *See Administrative Procedure Act, Legislative History, 1944–46*, S.Doc. No. 248, 79th Cong., 2d Sess. 202, 226, 260–61 (1946), *quoting* S.Rep. No. 752, 79th Cong., 1st Sess. (1945); H.Rep. No. 1980, 79th Cong., 2d Sess. (1946), U.S.Code Cong.Serv. 1946, p. 1195. "Control" is a broad word suggesting that "tenure" involves the whole spectrum of disciplinary management of federal personnel.

In addition, the MSPB—the administrative agency charged with the task of reviewing denials of within-grade increases and the applicable procedures for such denials—has interpreted the phrase "selection or tenure" to include the denial of a within-grade salary increase. It is certainly reasonable for the MSPB to include within the definition of "tenure" the terms under which an employee is employed. This interpretation is entitled to great deference and should not be disturbed absent good cause. *Udall v. Tallman*, 380 U.S. 1, 16–17, 85 S.Ct. 792, 801–02, 13 L.Ed.2d 616 (1965).

For these reasons, we affirm the order of the district court holding that appellant is not entitled to an award of attorney fees under the Back Pay Act or the EAJA.

*Affirmed.*

---

**8.** In *D'Angelo,* the court stated that "[t]he underlying claim in this case was that [the federal employee] had not been promoted due to age discrimination. Such promotion decisions are matters excluded from § 554 under subsection (a)(2)."