PER CURIAM.
Plaintiffs appeal a final judgment rendered July 19, 1985, granting defendant’s motion for directed verdict.
This appeal involves three plaintiffs, Malcolm Anderson, Sr., Myrl F. Nelson, and Warren Warder, and their employer/defendant Lykes Pasco Packing Company. They sought damages, including lost wages and other benefits, against Lykes for violation of their rights under the Age Discrimination in Employment Act, 29 U.S.C. § 621 (1982) (ADEA). Each plaintiff attempted to prove that age was a determining factor in their termination. Lykes argued that the plaintiffs were terminated, not because of age, but because of disastrous economic conditions in the citrus industry. Plaintiffs charged that this reason was merely a subterfuge and a pretext to cloak the real reason for termination.
The stated purpose of the ADEA is the elimination of discrimination from the workplace. Lorillard v. Pons, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978). The ADEA is intended to promote employment of older persons based on their ability rather than age and is intended to prohibit arbitrary age discrimination in employment. ADEA provides statutory protection to individuals aged forty through seventy. It is a remedial statute which prohibits a particularly subtle form of discrimination. In considering ADEA cases, courts must be receptive to its purpose and accord it the intended scope. Hall v. United States, 436 F.Supp. 505 (D.C.Minn.1977).
In an age discrimination case, the plaintiff must make a prima facie showing according to the standard that was formulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and adapted for age discrimination cases in McCorstin v. United States Steel Corp., 621 F.2d 749 (5th Cir.1980); Thornbrough v. Columbus & Greenville Ry. Co., 760 F.2d 633 (5th Cir.1985); and Williams v. General Motors, 656 F.2d 120 (5th Cir.1981). To make a prima facie case the plaintiff must show (1) that he was between the age of forty and seventy at the time of his discharge; (2) that he was qualified to assume another position; and (3) that there is evidence, circumstantial or direct, from which a fact finder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue. Under the Williams case the requirements simply insist that a plaintiff produce some evidence that the employer has not treated age neutrally but has instead discriminated based upon it. Specifically, the evidence must lead the fact finder reasonably to conclude either that the employer consciously refused to consider retaining or relocating a plaintiff because of his age, or that the employer regarded age as a negative factor in such consideration.
*1271 Once a prima facie case is made, the burden shifts to the employer to demonstrate legitimate, nondiscriminating reasons for the discharge. If this is done, the presumption dissipates and in order to succeed the plaintiff must either prove that a discriminating reason more likely motivated the employer or that the employer’s proffered explanation is pretextual. Thombrough.
Anderson was born on September 28, 1922, and began his employment at Lykes in 1952 when he was thirty years old. He began as a laborer, and in 1961, he was asked to set up a new production planning department. He was promoted to supervisor at that time. In 1973 Anderson hired Charles Littlefield, who was in his mid-twenties. Anderson promoted Littlefield to supervisor of production. Anderson continued to assume additional duties both in production planning and within the sales department. He was considered a very good employee.
In 1979 William Richards, a man in his early twenties, was placed in a position above Anderson. When Anderson inquired of company vice president Spencer why he was not promoted into this position, he was told that he was “too darned old.” Thereafter, Richards began pulling away duties from Anderson. In March of 1982, Lykes moved Anderson from his job responsibilities of twenty-five years and instructed him to head up a project to dispose of obsolete products. Anderson was never formally removed from the production planning department, the department where he had been for so many years. On July 9, 1982, four months later, Anderson was fired. Anderson was the oldest person in the production planning department and he was the only person in that department to be terminated. His duties and job functions were assumed primarily by Littlefield who at that time was in his early thirties. After Anderson’s termination, another supervisory individual in his late twenties was added to the production planning department.
The foregoing evidence was clearly sufficient to make a prima facie case thereby shifting the burden of proof to Lykes. Ordinarily, the employer in an ADEA case seeks to meet its burden as part of the defendant’s case. Here, however, the plaintiffs called as part of their case the following officers and employees of Lykes: Fred B. Vanderbilt, Vice President of Employee Relations; Bobby L. Studdard, Manager of Employer Relations, who reports directly to Vanderbilt; and William Richards, Head of Production Planning Department who was Anderson’s supervisor from 1979 to early 1982. Vanderbilt and Stud-dard testified that the three plaintiffs were terminated in the process of a work force reduction due to freezes which had occurred in 1981 and on January 12, 1982. In all 125 persons were terminated, twenty-five of whom were supervisors. Lykes’ officials denied that age played any part in determining who was laid off. As to Anderson, Vanderbilt testified that he was discharged because Lykes concluded to eliminate the disposition of obsolete inventory as part of its reorganization and reduction process necessitated by the freezes. Thus, the Lykes officials were able to present legitimate, nondiscriminatory reasons for the discharges by virtue of having been called as witnesses by the plaintiffs. Therefore, at the time Lykes moved for a directed verdict at the conclusion of the plaintiffs’ case, it was incumbent upon the court to analyze the evidence to see if the plaintiffs made a jury issue without the benefit of the presumption.
In Boeing Co. v. Shipman, 411 F.2d 365, 374 (5th Cir.1969), the court explained the criterion for granting a directed verdict.
On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence — not just that evidence which supports the non-mover’s case — but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to *1272 the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.
We hold that Anderson presented sufficient evidence to withstand the motion for directed verdict. There appears to be enough for a jury to conclude that Anderson’s termination was not just the result of a cutback. He was in a department that was not subject to a reduction in force. His assignment to the task of disposing of inventory occurred after the second freeze, and he was discharged only four months later. Moreover, Spencer’s earlier reference to Anderson’s age, albeit in a different context, suggests at least a possibility of age discrimination. Thus, the court erred in directing a verdict against Anderson.
Nelson and Warder also presented sufficient evidence to establish a prima fa-cie case. Likewise, the testimony of the Lykes officials concerning the reduction in force due to the freezes was sufficient to dispel the presumption of discrimination. At this point, however, the cases of Nelson and Warder differed from that of Anderson. Nelson was simply discharged because the scrap department in which he had worked for several years was disbanded. Like Anderson, Warder had been transferred to a new department and later discharged when the responsibilities of that department were eliminated in the reorganization after the freeze. However, unlike Anderson, this transfer occurred in the summer of 1981 which was prior to the time that there was any suggestion that Lykes was considering a reduction in force. As to Nelson and Warder, the evidence fell short of inferring that age more likely played a part in their discharge or that the proffered explanation was pretextual. Hence, the court properly directed a verdict against them.
We affirm the judgments with respect to Nelson and Warder. We reverse the judgment against Anderson and remand for further proceedings.
GRIMES, A.C.J., and HALL and SANDERLIN, JJ., concur.