658 F.2d 134
 26 Fair Empl.Prac.Cas. 940,
26 Empl. Prac. Dec. P 32,061
PURTILL, James R., Appellant,
v.
HARRIS, Patricia Roberts, Secty. Dept. of Health & Human
Services; Mellody, James F., Principal Reg. Official Dept.
of Health and Human Services; Bryant, Everett, Reg.
Administrator Health Care Financing Administration;
Griffith, Robert L., Senior Program Officer, Office of the
Reg. Administrator Health Care Financing Administration;
Kennedy, Thomas J., Chief Reg. Personnel Office, Dept. of
Health and Human Services; Hartman, Maurice, Office of the
Principal Regional Official; Carty, Alwyn L., Acting Reg.
Medicare Director; Jesse, Jr., Hampton D., Director of
Program Management Medicare Reg. Off.; Watson, Dorothy J.,
Supervisory District Office and Professional Groups
Specialist Medicare Regional Office.
 No. 81-1187.
 United States Court of Appeals,
Third Circuit.
 Argued Aug. 4, 1981.
Decided Aug. 24, 1981.
 
 Frank X. O'Brien (argued), O'Brien & O'Brien, Philadelphia, Pa., for appellant.
 Stephanie W. Naidoff, Regional Atty., Gary S. Turetsky, Asst. Regional Atty. Region III (argued), Dept. of Health and Human Services, Philadelphia, Pa., for appellee; Peter F. Vaira, U. S. Atty., Walter S. Batty, Jr., Asst. U. S. Atty., Chief, Appellate Div., Joan K. Garner, Asst. U. S. Atty., E. D. Pa., Philadelphia, Pa., of counsel.
 Before ALDISERT and WEIS, Circuit Judges, and RE, Chief Judge.*
 OPINION OF THE COURT
 ALDISERT, Circuit Judge.
 
 
 1
 The first question for decision presented by this appeal by a federal employee from the district court's grant of summary judgment for the government defendants is whether section 15 of the Age Discrimination in Employment Act, 29 U.S.C. § 633a, preempts judicial remedies based directly on the Constitution for claims of age discrimination in federal employment. We also must decide whether a plaintiff bringing an action under section 15 of the ADEA must exhaust the administrative remedies he has chosen to pursue before filing suit. The district court held that the ADEA provides the exclusive judicial remedy for the plaintiff's claims of age discrimination and that once the plaintiff initiated a proceeding for administrative relief, he was required to exhaust his administrative remedies as a prerequisite to his ADEA suit. We affirm, but we remand to the district court to allow the appellant an opportunity to amend his complaint with an allegation supporting his claim that he has exhausted his administrative remedies under the ADEA, at least as to one complaint.
 
 I.
 
 2
 The plaintiff below, James Purtill, is fifty-three years of age and is employed by the Social Security Administration in the Department of Health and Human Services at its Philadelphia office. On two occasions Purtill's superiors failed to promote him from his position as Professional Group Specialist (GS-12) in the Medicare Regional Office to a position as a Medicare Contractor Operations Specialist (GS-13). After each incident, Purtill filed a complaint with HHS alleging that he was denied the promotions because of his age. The department denied both of his complaints and he pursued two separate administrative appeals to the Equal Employment Opportunity Commission.[1] Purtill then filed the present suit in federal district court, proceeding on two theories. Count one of his complaint was brought against HHS and demanded relief under the ADEA. In addition to a statement of the facts underlying his two administrative complaints, Purtill alleged that 180 days had passed since he had initiated those proceedings. Count two was brought against certain named individuals, all of whom are supervisory officials at HHS' Philadelphia Regional Office, and asked for legal and equitable relief directly under the Constitution, see Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and under 42 U.S.C. §§ 1985 and 1986. The thrust of the allegations in this count was that Purtill was subjected to retaliatory harassment in violation of his fifth amendment rights for filing age discrimination complaints. The district court granted the defendants' motion for summary judgment, concluding on count one that the plaintiff had failed to exhaust his administrative remedies and on count two that the amendment of the ADEA extending coverage to federal employees preempted constitutional Bivens remedies.[2] Purtill v. Harris, No. 80-3311 (E.D.Pa. December 16, 1980).
 
 II.
 
 3
 In analyzing the Bivens claim, the district court applied the principle that a right of action under the Constitution will not be implied where effective alternative forms of relief are available and accepted the reasoning set forth in Christie v. Marston, 451 F.Supp. 1142 (N.D.Ill.1978), and Paterson v. Weinberger, 644 F.2d 521 (5th Cir. 1981). The appellees argue that unlike the situations where a Bivens claim has been upheld, the statutory remedial scheme here provides the plaintiff with complete and efficient remedies. Compare Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) (Federal Tort Claims Act not considered effective or complete); Davis v. Passman, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) (Congressional employee claiming sex discrimination not covered by Title VII); Bivens (state remedies for invasions of privacy by federal agents inadequate).
 
 
 4
 The appellant contends that Carlson v. Green compels a different result, stressing the following passage in the Court's opinion:
 
 
 5
 Bivens established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right. Such a cause of action may be defeated in a particular case, however, in two situations. The first is when defendants demonstrate "special factors counselling hesitation in the absence of affirmative action by Congress." 403 U.S. at 396, 91 S.Ct. at 2004; Davis v. Passman, 442 U.S. 228, 245, 99 S.Ct. 2264, 2276 (1979). The second is when defendants show that Congress has provided an alternative remedy which it explicitly declared to be a substitute for recovery directly under the Constitution and viewed as equally effective. Bivens, supra, 403 U.S. at 397, 91 S.Ct. at 2005; Davis v. Passman, 442 U.S. at 245-247, 99 S.Ct. at 2276-2278.
 
 
 6
 446 U.S. at 18-19, 100 S.Ct. at 1471-1472 (emphasis in original). He concludes that this passage indicates a presumption that there is a constitutional remedy applicable to his claim parallel to his statutory rights. We find evidence both of Congressional intent that section 15 of the ADEA be a substitute for other remedies and of factors counselling hesitation in implying a right of action.
 
 
 7
 Defendants need not show that Congress recited any magic words to demonstrate that the statutory remedy was intended to be exclusive; rather, the inquiry at this stage is limited to a determination of Congressional intent. Id. at 19 n.5, 100 S.Ct. at 1472 n.5. In Brown v. GSA, 425 U.S. 820, 829, 96 S.Ct. 1961, 1966, 48 L.Ed.2d 402 (1976), the Court concluded that the remedies available to federal employees for racial discrimination under section 717 of the Civil Rights Act, 42 U.S.C. § 2000e-16, were intended to be "exclusive" and "preemptive." See also Great American Federal Savings & Loan Ass'n v. Novotny, 442 U.S. 366, 376, 99 S.Ct. 2345, 2351, 60 L.Ed.2d 957 (1979); Davis v. Passman, 442 U.S. 228, 247 n.26, 99 S.Ct. 2264, 2278 n.26 (1979). The Court based this determination on both the legislative history and an examination of "the balance, completeness, and structural integrity" of section 717 and Title VII. Brown, 425 U.S. at 828, 832, 96 S.Ct. at 1965, 1967. Immediately after Brown was decided, this court held that a federal employee was precluded by the holding in Brown from asserting Bivens claims against agency officials for racial discrimination in federal employment. Gissen v. Tackman, 537 F.2d 784 (3d Cir. 1976) (per curiam) (in banc).
 
 
 8
 These cases are directly relevant to Purtill's age discrimination claim. Section 15 of the ADEA was modeled after section 717 of the Civil Rights Act of 1964. See Lehman v. Nakshian, --- U.S. ----, ----, 101 S.Ct. 2698, 2702, 69 L.Ed.2d 548 (1981). Recognizing the similarity of purpose of the ADEA and Title VII, the Supreme Court has instructed that when the legislative history indicates that the source of a section in the ADEA was a complementary section in Title VII, the two statutes are to be construed consistently. Oscar Mayer & Co. v. Evans, 441 U.S. 750, 756, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979). Moreover, we are unwilling to say that Congress' intent in enacting section 15 of the ADEA could in this respect differ from its intent in amending Title VII to protect federal employees. We conclude, therefore, that Congress intended section 15 of the ADEA to preempt Bivens remedies arising out of age discrimination claims by federal employees, and we too accept the reasoning set forth in Paterson v. Weinberger, 644 F.2d at 524-25, and Christie v. Marston, 451 F.Supp. at 1145-47.
 
 
 9
 In addition to congressional intent, we also conclude that special factors exist counselling hesitation before recognizing a Bivens remedy in an age discrimination case. In an analogous context, the fifth circuit has recently observed that "(t)he role of the Government as an employer toward its employees is fundamentally different from its role as a sovereign over private citizens generally." Bush v. Lucas, 647 F.2d 573, 576 (5th Cir. 1981) on remand from 446 U.S. 914, 100 S.Ct. 1846, 64 L.Ed.2d 268 (1980) (reconsideration in light of Carlson v. Green ). There the court reaffirmed its position that in light of available civil service remedies a federal employee has no cause of action for damages under the first amendment for retaliatory demotion. That decision was guided by "the well established rule that the government has traditionally been granted the widest latitude in the 'dispatch of its own internal affairs.' " Sampson v. Murray, 415 U.S. 61, 83, 94 S.Ct. 937, 949, 39 L.Ed.2d 166 (1974) (quoting Cafeteria Workers v. McElroy, 367 U.S. 886, 896, 81 S.Ct. 1743, 1749, 6 L.Ed.2d 1230 (1961)). See also Arnett v. Kennedy, 416 U.S. 134, 168, 94 S.Ct. 1633, 1651, 40 L.Ed.2d 15 (Powell, J., concurring) ("the Government, as an employer, must have wide discretion and control over the management of its personnel....") We therefore hold that in light of the existence of ADEA remedies the employer-employee relationship in this case is a special factor that counsels hesitation in recognizing a constitutional cause of action absent affirmative contrary indications from Congress.[3]
 
 III.
 
 10
 The district court was also correct on the basis of the pleadings before it in dismissing the two separate ADEA claims set forth in count one because Purtill had failed to exhaust his administrative remedies. A federal employee protected by the ADEA has two options when presenting a claim of age discrimination connected with his job. He may forego administrative action and file suit in federal district court after giving the EEOC thirty days' notice of intent to sue. 29 U.S.C. § 633a(d). Alternatively, he may file a complaint with the EEOC and commence suit following its determination should he be dissatisfied with the EEOC's disposition. 29 U.S.C. § 633a(c). Purtill, however, has attempted in count one to pursue both routes simultaneously. Before filing this suit, he filed two complaints with HHS one for each denial of promotion to GS-13 which, according to EEOC regulations, were deemed filed with the EEOC. 29 C.F.R. §§ 1613.511, 1613.214. Purtill thereafter proceeded to federal court and filed the present suit before the EEOC took final action on either of his complaints.
 
 
 11
 At the outset, we reject Purtill's contention that he is excused from his failure to exhaust administrative remedies because 180 days have passed since he filed his administrative complaints. Were this a Title VII claim we would agree with his position because 42 U.S.C. § 2000e-16(c) provides that a plaintiff may proceed to district court 180 days after filing a complaint with the EEOC. Conspicuously absent from the corresponding section of the ADEA, 29 U.S.C. § 633a(c), is a similar provision allowing suit in the absence of a final decision by the EEOC. Although we have found no legislative history that reveals the reason why this difference exists, we are persuaded that it was intentional. Obviously when a plaintiff may avoid administrative avenues of relief entirely by filing suit in district court after notice of intent to sue, 29 U.S.C. § 633a(d), some of the usual reasons for requiring exhaustion of administrative remedies do not apply. Nevertheless, in addition to evident congressional intent we note pragmatic, prudential reasons for such a requirement. Allowing a plaintiff to abandon the administrative remedies he has initiated would tend to frustrate the ability of the agency to deal with complaints. All participants would know that at any moment an impatient complainant could take his claim to court and abort the administrative proceedings. Moreover, such a course would unnecessarily burden courts with cases that otherwise might be terminated successfully by mediation and conciliation. Absent an indication of contrary congressional intent, we will not countenance circumventing the administrative process in this manner. See also Hall v. United States, 436 F.Supp. 505, 507-08 (D.Minn.1977); Trammel v. Callaway, 415 F.Supp. 212, 216 (N.D.Miss.1976).
 
 
 12
 Although we find no error in the district court's disposition of count one, we are informed by the appellant that his administrative complaint based on the first denial of promotion was decided adversely to him on December 4, 1980. See app. at 145. The appellant did not amend his pleadings to reflect this change in status. If, as Purtill insists, this EEOC decision exhausts his avenues of administrative relief, then the factual predicate underlying the district court's dismissal no longer existed for the claim based on the first denial of promotion set forth in count one when its order was entered on December 16, 1980. HHS does not contend otherwise. We therefore will remand this proceeding to the district court. On remand, the appellant will have an opportunity to amend his complaint with an allegation that he has exhausted his administrative remedies on that portion of count one relating to the denial of promotion to the first vacancy he sought.[4]
 
 
 13
 For the foregoing reasons, the judgment of the district court will be affirmed and the case will be remanded to the district court for proceedings consistent with the foregoing.
 
 
 
 *
 Honorable Edward D. Re, Chief Judge of the United States Court of International Trade, sitting by designation
 
 
 [1]
 The EEOC in 1978 was delegated authority to decide age discrimination in employment complaints under section 15 of the ADEA formerly handled by the Civil Service Commission. See 43 Fed.Reg. 19807 (1978); 29 C.F.R. §§ 1613.501-1613.521
 
 
 [2]
 The appellant does not raise, and we therefore do not consider, the dismissal of his 42 U.S.C. §§ 1985 and 1986 claims on appeal
 
 
 [3]
 We have assumed arguendo that the complaint sets forth facts which, if established, would have sustained a finding that appellant's constitutional rights were violated. Neither in his brief nor in his argument before this court was appellant's counsel able to articulate the constitutional violation or violations underlying this count of his complaint. Whether the pleadings are sufficient in this regard is immaterial to our decision
 
 
 [4]
 We note that counsel for HHS informed this court at oral argument that HHS would not object to a motion to amend for purposes of claiming exhaustion and that the department considers the district court's dismissal of count one to have been without prejudice