Louise A. DODSON,

v.

**U.S. ARMY FINANCE AND ACCOUNTING CENTER, Indianapolis, Indiana, and Department of the Army.**

No. IP 84–1451–C.

United States District Court, S.D. Indiana, Indianapolis Division.

June 25, 1986.

Aaron E. Haith of Choate, Visher & Haith, Indianapolis, Ind., for plaintiff.

John D. Tinder, U.S. Atty., and Carolyn N. Small, Asst. U.S. Atty., Indianapolis, Ind., for defendants.

STECKLER, District Judge.

This matter is before the Court on the Government's motion to dismiss the cause of action pursuant to Fed.R.Civ.P. 12(b)(5), 12(b)(1) and (2), and 4(j). The plaintiff, Louise A. Dodson, was a federal employee working in the United States Army Finance and Accounting Center in Indianapolis. The plaintiff in her complaint alleges that she was denied a promotion because of her race and age. The Government responded with a motion to dismiss. The Court has reviewed the motion, the memorandums of law submitted by each party, and the pleadings. The Court now grants the motion to dismiss in part and denies the motion to dismiss in part.

The plaintiff's complaint alleges a violation of rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a, and the Thirteenth and Fourteenth Amendments of the United States Constitution. All claims, except the plaintiff's Title VII claim, must be dismissed.

■ A federal employee cannot bring an employment discrimination action directly under the Constitution. The Supreme Court has held that Title VII is the exclusive remedy for a federal employee who claims race discrimination. *See Brown v. General Services Administration,* 425 U.S. 820, 829, 96 S.Ct. 1961, 1966, 48 L.Ed.2d 402 (1976). Similarly, the ADEA is the exclusive remedy for a federal employee who claims age discrimination. *See Purtill v. Harris,* 658 F.2d 134, 137 (3d Cir.1981), *cert. denied,* 462 U.S. 1131, 103 S.Ct. 3110, 77 L.Ed.2d 1365 (1983). Therefore, a federal employee cannot bring a claim directly under the Constitution for discrimination in employment, *see e.g., Beeman v. Middendorf,* 425 F.Supp. 713, 715–16 (D.D.C.1977) (race); *Purtill,* 658 F.2d at 137–38 (age), and the plaintiff's claims of race and age discrimination under the Thirteenth and Fourteenth Amendments must be dismissed.

■ Title VII and the ADEA are the exclusive bases for the plaintiff's claims of age and sex discrimination. Under each of

these statutes, a federal employee may be required to exhaust her administrative remedies before bringing a civil action in federal court. Under the ADEA, a federal employee has two options in pursuing a claim of age discrimination. First, she may forego her administrative remedies and file suit in federal court if she first gives the Equal Employment Opportunity Commission ("EEOC") thirty days' notice of intent to sue. 29 U.S.C. § 633a(d). Alternatively, she may file a complaint with the EEOC and commence suit following its determination should she be dissatisfied with the EEOC's disposition. 29 U.S.C. § 633a(c). *See also Purtill*, 658 F.2d at 138–39. The plaintiff here did not pursue either of these options, but rather chose to exhaust her administrative remedies under Title VII. Since she has neither given the EEOC notice of her intent to sue within the 180-day time limit, nor received a final determination from the EEOC, she has not complied with the ADEA's prerequisites to an age discrimination action in federal court. Therefore, the plaintiff's age discrimination claim is dismissed for failure to exhaust administrative remedies.

█ Under Title VII, a civil action brought by a federal employee must name the "head of the department, agency, or unit, as appropriate" as the defendant. 42 U.S.C. § 2000e–16(c). The plaintiff's complaint names the Department of the Army as a defendant rather than the Secretary of the Army, John O. Marsh, Jr. The plaintiff can amend her complaint pursuant to Fed. R.Civ.P. 15(c) to name the Secretary of Defense as a party. In a suit against the United States Government the amendment will relate back to the date of the mailing of process to the United States Attorney. The service of process to the United States Attorney was mailed on November 1, 1984. Therefore, the Title VII claim cannot be dismissed for the failure to name the Secretary of Defense as a defendant.

█ Finally, Fed.R.Civ.P. 4(d)(5) provides that service upon "an officer or agency of the United States is made by serving the United States [under Fed.R.Civ.P. 4(d)(4)]

and by sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency." Regulations provide that the only persons who can accept service of process for the Department of the Army are the Secretary of the Army, or his designee, the Chief, Litigation Division, Office of the Judge Advocate General. 32 C.F.R. § 257.5 (1984). The plaintiff actually sent the summons and complaint to "Commander, U.S. Army Military District of Washington, ATTN: ANEE Fort. Lesley J. McNair, Washington, D.C. 20324." The plaintiff apparently obtained this address from the Department of the Army's letter informing the plaintiff of its finding of "no discrimination." The address at which the plaintiff served the Army is sufficient for service of process under Fed.R.Civ.P. 4(d)(5). Even if the service did not meet the technical requirements of the regulations, it did accomplish what it was intended to do—afford the defendants notice of the pendency of this action. Furthermore, the defendants have not seriously contended that the service employed resulted in material prejudice to some substantial right. *See Hawkins v. Department of Mental Health*, 89 F.R.D. 127, 128 (W.D.Mich.1981); *Miree v. United States*, 490 F.Supp. 768, 776 (N.D. Ga.1980). Therefore, the plaintiff's Title VII claim must not be dismissed for inadequate service of process.

By reason of the foregoing, the Court hereby GRANTS the Government's motion to dismiss with respect to the claims brought directly under the United States Constitution and the claim brought pursuant to the ADEA; and DENIES the Government's motion to dismiss with respect to the Title VII claim.

IT IS SO ORDERED.