NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4102
_____

CHERYL A. SLINGLAND,
                              Appellant

v.

PATRICK R. DONAHOE,
POSTMASTER GENERAL
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-11-cv-04591)
District Judge:  Hon. Lawrence F. Stengel
_____

Submitted Under Third Circuit LAR 34.1(a)
September 10, 2013

Before:   RENDELL, JORDAN and GREENAWAY, JR., *Circuit Judges*

(Filed: September 12, 2013)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*

        Cheryl A. Slingland appeals the dismissal by the United States District Court for

the Eastern District of Pennsylvania of her employment discrimination action against her

former employer, the United States Postal Service.  For the reasons that follow, we will affirm.

## I.    Background

Slingland was employed as a postmaster from September 1988 until January 2011. According to the Postal Service, it terminated her employment due to problems with her performance and because she had improperly issued money orders to herself.  Slingland, who claims to suffer from post-traumatic stress disorder as a result of prior military service, contends that any problems with her job performance resulted from an increase in her workload that exacerbated her condition.  She also alleges that she was harassed by her male co-workers, that younger workers were favored over older workers when two Postal Service facilities were consolidated, and that the reasons the Postal Service gave for her termination were pretextual.

Slingland filed an Equal Employment Opportunity ("EEO") complaint with the EEO office of the Postal Service on February 1, 2011, challenging its decision to terminate her employment and also asserting claims of discrimination based on age, sex, and disability, and a claim of retaliation for an earlier charge of discrimination she had filed.  Ten days later, she also filed an appeal of her termination with the Merit Systems Protection Board ("MSPB").  The MSPB promptly dismissed that appeal without prejudice because she had already filed her complaint with the EEO office of the Postal Service.

The Postal Service issued a final agency decision in June 2011, finding no discrimination and dismissing Slingland's EEO claims. Slingland appealed that decision to the MSPB, but, before it ruled on the matter, she sent it a letter expressing her wish to voluntarily withdraw her appeal, so that she could pursue her claims in federal court. In response to that letter, the MSPB once again dismissed her appeal without prejudice.

Before the MSPB dismissed that second appeal, Slingland filed this action in the District Court. She alleged that the Postal Service violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000c *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, because it based her termination on her sex, age, and disability, and because the firing was retaliatory. The Postal Service moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or, in the alternative, for summary judgment under Rule 56. The Postal Service principally argued that the District Court lacked jurisdiction to review its decision to terminate Slingland because she had not exhausted her administrative remedies before withdrawing her appeal before the MSPB.

The District Court granted the Postal Service's motion to dismiss in September 2012. The Court concluded that it had jurisdiction over the case, but that Slingland had failed to exhaust her administrative remedies, so that her Title VII and ADEA claims were subject to dismissal under Rule 12(b)(6). The Court also held that Slingland had no

3

cause of action based on her disability because the ADA does not apply to federal agencies. Consequently, the Court dismissed Slingland's complaint with prejudice.

This timely appeal followed.

## II. Discussion[1]

Because Slingland challenges only the dismissal of her Title VII and ADEA claims, our review is limited accordingly. "It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief." *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997). In particular, "[t]he Supreme Court has explained that when Title VII remedies are available, they must be exhausted before a plaintiff may file suit." *Spence v. Straw*, 54 F.3d 196, 200 (3d Cir. 1995). The ADEA likewise requires a plaintiff to exhaust all available remedies when she elects to proceed administratively. *Purtill v. Harris*, 658 F.2d 134, 138-39 (3d Cir. 1981). Failure to exhaust administrative remedies is an affirmative defense, "in the nature of statutes of limitation." *Robinson*, 107 F.3d at 1021 (internal quotation marks omitted).[2] Under our precedent, it is grounds for dismissal on a Rule 12(b)(6) motion,

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 2000e-5(j). "We exercise plenary review of the District Court's order granting defendant's motion to dismiss." *Fellner v. Tri-Union Seafoods, LLC*, 539 F.3d 237, 242 (3d Cir. 2008). To survive a motion to dismiss, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible," which "'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[2] As such, failure to exhaust "do[es] not affect the district court's subject matter

*see id.* at 1022 ("A complaint does not state a claim upon which relief may be granted

unless it asserts the satisfaction of the precondition to suit specified by Title VII ... ."

(internal quotation marks omitted)), provided that the defendant has met "the burden of

pleading ... that the plaintiff has failed to exhaust administrative remedies," *Williams v.*

*Runyon*, 130 F.3d 568, 573 (3d Cir. 1997).[3] The Postal Service has accomplished that

here.

     As the District Court explained, a federal employee who claims she was the victim

of discrimination is also subject to the administrative scheme set forth in the Civil Service

Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 111 (codified in scattered sections of 5

U.S.C.). At the outset, she may file a "mixed case complaint"[4] with her employer's EEO

---

jurisdiction," *Hornsby v. U.S. Postal Serv.*, 787 F.2d 87, 89 (3d Cir. 1986), and the District Court properly rejected the Postal Service's jurisdictional challenge pursuant to Federal Rule of Civil Procedure 12(b)(1).

   [3] Although we have said in the Title VII context that "[t]imeliness of exhaustion requirements are best resolved under Rule 12(b)(6) covering motions to dismiss for failure to state a claim," *Robinson v. Dalton*, 107 F.3d 1018, 1022 (1997), exhaustion is not an element of a Title VII claim, but rather "an affirmative defense, [for which] the defendant bears the burden of pleading." *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997). *Cf. Jones v. Bock*, 549 U.S. 199, 216 (2007) (concluding that "failure to exhaust is an affirmative defense under the [Prison Litigation Reform Act], and that inmates are not required to specially plead or demonstrate exhaustion in their complaints"). Whether subsequent case law has undermined *Robinson* is not a matter that the parties have briefed and we decline to consider it *sua sponte*.

   [4] "A mixed case complaint is a complaint of employment discrimination filed with a federal agency ... related to or stemming from an action that can be appealed to the Merit Systems Protection Board (MSPB)." 29 C.F.R. § 1614.302(a)(1); *see also Butler v. West*, 164 F.3d 634, 638 (D.C. Cir. 1999) (defining a "mixed case" as "an adverse personnel action subject to appeal to the MSPB coupled with a claim that the action was motivated by discrimination").

office or a "mixed case appeal" with the MSPB, but she cannot do both.  29 C.F.R.

§ 1614.302(b).[5]  If the employee files a mixed case complaint with her employer's EEO

office, she has thirty days following the receipt of its final decision to file either an appeal

with the MSPB or a civil action in the district court, but she cannot do both

simultaneously.  5 C.F.R. § 1201.154(b)(2); 29 C.F.R. §§ 1614.302(d)(1)(i),

1614.302(d)(3), 1614.310(g).  If the employee files an appeal with the MSPB, she may

not file a discrimination action in the district court until after the MSPB has rendered its

final decision.  *See* 5 C.F.R. § 1201.157 (requiring the MSPB to notify appellant of her

right to file a civil action when it renders its final decision); 29 C.F.R. § 1614.310(b)

(authorizing appellant to file a civil action within thirty days of her receipt of the MSPB's

final decision).

In this case, Slingland initially filed a mixed case complaint with the Postal

Service's EEO office.  After she received its final decision dismissing her complaint, she

appealed that decision to the MSPB.  Then, before the MSPB had rendered any decision

on the merits of her claims, and, in fact, before it had even dismissed her appeal as

withdrawn, she filed the present suit.  She thus failed to exhaust her administrative

remedies, and she was not entitled to file suit in the District Court.  *See* 29 C.F.R.

---

[5] If she does both, as Slingland did, then the action that was filed first "shall be considered an election to proceed in that forum."  29 C.F.R. § 1614.302(b).  The MSPB therefore properly dismissed the mixed case appeal that Slingland filed in February 2011, because she had already filed her mixed case complaint with the Postal Service's EEO office.

§ 1614.310(a) (authorizing a civil action for discrimination in the appropriate district court "[w]ithin 30 days of receipt of a final decision issued by an agency on a complaint *unless an appeal is filed with the MSPB*" (emphasis added)). The fact that she voluntarily withdrew her MSPB appeal does not excuse her failure to exhaust. *See, e.g.*, *Stoll v. Principi*, 449 F.3d 263, 266-67 (1st Cir. 2006) ("[O]nce a government employee elects to pursue a mixed case before the [MSPB], she is obliged to follow that route through to completion, to the exclusion of any other remedy that originally might have been available."); *Vinieratos v. U.S. Dep't of Air Force*, 939 F.2d 762, 770 (9th Cir. 1991) ("[A]bandonment of the administrative process may suffice to terminate an administrative proceeding before a final disposition is reached, thus preventing exhaustion and precluding judicial review."). The District Court thus properly dismissed Slingland's Title VII and ADEA claims based on her failure to exhaust the administrative remedies available to her.

Slingland argues that she was not required to exhaust her administrative remedies with the MSPB because she had already made the binding election to proceed with an EEO complaint. It is true that her election to proceed with the EEO complaint was binding when it was filed. *See Economou v. Caldera*, 286 F.3d 144, 149 (2d Cir. 2002). Her effort to go to the MSPB while the EEO complaint was under consideration was therefore improper, 29 C.F.R. § 1614.302(b), which is what led to the dismissal of her first appeal. But she filed another appeal with the MSPB after the Postal Service rendered its final agency decision on the EEO complaint in June 2011. That appeal was

7

proper, regardless of Slingland's initial EEO election. *See* 29 C.F.R.

§ 1614.302(d)(1)(ii) (providing that a mixed case complainant may appeal an adverse

final EEO decision to the MSPB). And she could not avoid the exhaustion requirement

by voluntarily abandoning that appeal once it was filed, because "[a]llowing a plaintiff to

abandon the administrative remedies [s]he has initiated would tend to frustrate the ability

of the agency to deal with complaints." *Purtill*, 658 F.2d at 138.[6]

Slingland also argues that the District Court erred because it did not distinguish

between her Title VII and ADEA claims, and that the latter does not require exhaustion.

We rejected that argument in *Purtill*, *supra*. There, a mixed case plaintiff attempted to

pursue administrative and judicial remedies simultaneously. We noted that "[a] federal

employee protected by the ADEA has two options when presenting a claim of age

discrimination connected with [her] job." *Id.* at 138. She "may forego administrative

action and file suit in federal district court after giving the [Equal Opportunity

Employment Commission ('EEOC')] thirty days' notice of intent to sue" pursuant to 29

U.S.C. § 633a(d). *Id.* "Alternatively, [s]he may file a complaint with the EEOC and

---

[6] Slingland suggests that the MSPB's dismissal of her February 2011 mixed case appeal has the "collateral estoppel effect" of binding the District Court to hold that her EEO complaint was the only one requiring exhaustion. Although we have said that "the Merit Systems Protection Board … is entitled to employ the doctrine of collateral estoppel," *Chisolm v. Def. Logistics Agency*, 656 F.2d 42, 47 (3d Cir. 1981), the determination to which Slingland refers was limited to that February 2011 appeal, which the MSPB said was "premature because she had elected to pursue a mixed-case EEO complaint prior to filing [her] mixed-case appeal with the Board" (J.A. at 47). The fact remains that the appeal to the MSPB of the Postal Service's final agency decision was proper, and that she abandoned it prior to exhaustion.

8

commence suit following its determination should [s]he be dissatisfied with the EEOC's disposition." *Id.*; *see also* 29 U.S.C. § 633a(b), (c). We acknowledged that, "when a plaintiff may avoid administrative avenues of relief entirely by filing suit in district court after notice of intent to sue, some of the usual reasons for requiring exhaustion of administrative remedies do not apply." *Purtill*, 658 F.2d at 138 (citation omitted). But we held that the ADEA still requires exhaustion, "[a]bsent an indication of contrary congressional intent," because, otherwise, "at any moment[,] an impatient complainant could take his claim to court and abort the administrative proceedings." *Id.* Slingland's ADEA claim, like her Title VII claim, is thus subject to dismissal for failure to exhaust.

## III. Conclusion

For the foregoing reasons, we will affirm the order of the District Court dismissing Slingland's complaint.