DLD-331                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4814
_____

DEBORAH L. HAINES,
                              Appellant

v.

ADMINISTRATOR, U.S. FEDERAL TRANSIT ADMINISTRATION;
SECRETARY OF TRANSPORTATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:12-cv-06941)
District Judge:  Honorable Stewart Dalzell
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 14, 2014
Before:  SMITH, HARDIMAN and KRAUSE, Circuit Judges

(Opinion filed: August 28, 2014)
_____

OPINION
_____

PER CURIAM

    Deborah L. Haines appeals pro se from orders of the United States District Court

for the Eastern District of Pennsylvania entering judgment in favor of the defendants and

denying her motion for reconsideration. We will affirm. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

I.

In December 2012, Haines filed a civil rights complaint against the Secretary of the United States Department of Transportation ("DOT") and the Administrator of the Federal Transit Administration ("FTA") (collectively referred to as the "Agency"). In the complaint, as amended, Haines alleged that she suffered age, race, and gender discrimination, retaliation, and a hostile work environment, as well as a violation of the Privacy Act, while employed as a civil rights officer at the Federal Transit Administration in Philadelphia, Pennsylvania.

The events apparently date back to 2008, when Haines was injured in a bus accident and required medical leave. For the next three years, she continued to suffer various medical issues and was unable to complete all of the work assigned to her. Despite reporting positive yearly performance evaluations for the majority of her more than fifteen-year career as a civil rights officer, her performance evaluations from 2008 and onward apparently declined. In November and December of 2011, after she was unable to meet the standards outlined by three consecutive performance improvement plans, and facing the prospect of yet another poor performance review, Haines retired.

During her last two years of employment with the FTA, Haines initiated two equal employment opportunity ("EEO") complaints. The first, filed in September 2010, alleged that her negative performance reviews were pretext for sexual harassment; however, she

2

apparently abandoned that claim in 2011.  In February 2012, after her retirement, she again initiated contact with an EEO officer at the FTA.  On March 14, 2012, Haines spoke in detail with the EEO officer assigned to her claim, who told her that she would receive a notice of her right to file a formal complaint.  The EEO officer then sent Haines the notice via Federal Express, including instructions advising Haines that she had 15 days to file a formal complaint with the Department of Transportation ("DOT").  Haines apparently signed for the package on March 15, 2012, but did not file her formal complaint until August 2012.  The Agency rejected it as untimely.

In December 2012, Haines filed her civil rights complaint in the District Court. The Agency filed a motion to dismiss or for summary judgment and, after concluding that Haines had failed to exhaust the administrative process and that her Privacy Act claim lacked merit, the District Court entered judgment in favor of the Agency.  Haines sought reconsideration, arguing that new evidence demonstrated that the deadline for filing her EEO complaint should be equitably tolled and that her 2010 and 2012 EEO complaints should be "piggyback[ed]."  The District Court determined that her evidence was neither newly discovered nor previously unavailable and that her arguments were contradicted by her original complaint.  Accordingly, it denied her motion.  Haines, pro se, timely appeals.

II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's order to the extent it granted summary judgment to the

3

Agency.  Kreimer v. Bureau of Police, 958 F.2d 1242, 1250 (3d Cir. 1992).  To the extent that the District Court granted the Agency's motion to dismiss, our review is also plenary. Dique v. N.J. State Police, 603 F.3d 181, 188 (3d Cir. 2010).  We may affirm a judgment of the District Court on any basis supported by the record, Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam), and we may take summary action if an appeal does not present a substantial question, see 3d Cir. I.O.P. 10.6.[1]

Haines first appeals the District Court's order entering judgment in favor of the Agency.[2]  Summary judgment may be granted only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Here, Haines asserts that there is a genuine dispute as to whether she exhausted administrative remedies before bringing her federal suit.

There is no dispute that Haines, as a federal employee raising claims against her employer for race, gender, disability, and age discrimination, was required to exhaust administrative remedies prior to filing her employment discrimination action in the District Court.  See Robinson v. Dalton, 107 F.3d 1018, 1020-21 (3d Cir. 1997) (requiring administrative exhaustion of Title VII claims); Spence v. Straw, 54 F.3d 196,

---

[1] Haines failed to challenge on appeal the District Court's dismissal of her claims against the Administrator of the FTA as well as her Privacy Act claim against both defendants. Accordingly, those issues are waived.  See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

[2] Because Haines sought reconsideration within 28 days of the District Court's October 28, 2013 order, we have jurisdiction to review that order as well as its order denying reconsideration.  See Fed. R. App. P. 4(a)(4)(A)(iv) & (vi).

200, 202-03 (3d Cir. 1995) (disability discrimination); Purtill v. Harris, 658 F.2d 134, 138 (3d Cir. 1981) (age discrimination). To comply with the exhaustion requirement, she needed to file a formal EEO complaint "within 15 days of receipt of the notice" of the right to file a complaint. See 29 C.F.R. § 1614.106(b).

While Haines conceded that her EEO complaint was not filed within 15 days of receiving the notice of her right to file a complaint, she argued that the time for filing the EEO complaint should be equitably tolled in her case. In particular, she claimed that she did not receive the notice in the mail. However, this assertion is undermined by the fact that her amended complaint referred to specific details contained in the notice, and by the fact that the DOT provided a copy of the delivery confirmation issued by Federal Express. In turn, Haines argued that the period should be equitably tolled because her health conditions prevented her from filing a timely EEO complaint after receiving the notice of the right to file a formal complaint. However, she did not claim, nor does the record indicate, that she was actively misled or prevented from asserting her rights in some extraordinary way. See Robinson, 107 F.3d at 1022. We therefore agree with the District Court that Haines was not entitled to equitable tolling of the regulatory period for filing her formal EEO complaint.

Nor has Haines established that the District Court erred in denying her motion for reconsideration. A Rule 59(e) motion must be based on one of three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer,

5

591 F.3d 666, 669 (3d Cir. 2010). However, for the reasons stated by the District Court, Haines failed to demonstrate that her newly submitted evidence was previously unavailable. Moreover, her motion for reconsideration did not rely on an intervening change in law; nor did it establish the need to correct clear error of law.

Accordingly, we will affirm the judgment of the District Court.